

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50261 | **DATE** | 2/12/2003 |
| **CASE TITLE** | GREAT WEST CASUALTY COMPANY vs. NORTHERN ILLINOIS TRANSIT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Great West's motion for summary judgment is granted. The court hereby declares that Great West has no duty to defend or indemnify Northern Illinois Transit or Bushman in the lawsuit filed in the Circuit Court of the Fourteenth Judicial Circuit of Illinois, Henry County, styled <u>Crystal Mayorga v. Jeffrey Bushman and Northern Illinois Transit, Inc.</u>, No. 02 L 19. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | FEB 13 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| X | Copy to judge/magistrate judge. ✓ | | 2-12-03 date mailed notice |
| /SEC | courtroom deputy's initials | 2003 FEB 12 PM 2: 59 | |
| | | Date/time received in central Clerk's Office | OW mailing deputy initials |

Document Number: 20

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Great West Casualty Company ("Great West"), has filed this declaratory judgment action under 28 U.S.C. § 2201 against defendants, Northern Illinois Transit, Inc., Jeffrey Bushman, and Crystal Mayorga, to establish whether it has, under a commercial auto insurance policy ("Policy") it issued to Northern Illinois Transit, a duty to defend or indemnify either that defendant or Bushman in an underlying negligence suit filed by Mayorga against these two defendants in state court. As Great West is incorporated with its principal place of business in Nebraska, the individual defendants are Illinois citizens, Northern Illinois Transit is incorporated with its principal place of business in Illinois, and the amount in controversy exceeds $75,000, diversity jurisdiction is proper based on 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391. Before the court is Great West's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

The facts of this case are brief and not in dispute. On March 25, 2002, Mayorga and Bushman were involved in an auto accident. At the time, Bushman was driving a pickup truck owned by Northern Illinois Transit with a load capacity of three-quarters ton or less. Bushman was using the truck with the permission of Northern Illinois Transit but was not acting in that company's business when the accident occurred; instead, he was driving himself to school.

The relevant terms of the Policy are as follows. First, the type of vehicles covered are "**ANY AUTO EXCEPT A PRIVATE PASSENGER TYPE AUTO, VAN OR PICKUP.** Any 'auto' except an owner 'auto' of the 'private passenger type' and any van or pickup truck of ¾ Ton load capacity or less whether used for pleasure or business purposes." (LR 56.1(a) ¶ 14) (emphasis and capitalization in original) "Private passenger type" is further defined as "a private passenger or station wagon type 'auto' and includes an 'auto' of the pick-up or van type if not used for business purposes." (Id. ¶ 16)

Great West's two arguments as to why the Policy does not provide coverage for the accident between Mayorga and Bushman are straightforward. First, it says the Policy does not cover a "pickup truck of ¾ Ton load capacity or less," regardless of whether it was used for "pleasure or business purposes," and it is undisputed the pickup truck Bushman was driving had a load capacity of three-quarters ton or less. Second, Great West argues, it is similarly undisputed Bushman was not using the truck for business purposes when the accident occurred, meaning that it is considered a "private passenger type" auto under the Policy, which also is not covered.

Northern Illinois Transit and Bushman have filed their own response to Great West's motion, as has Mayorga. The first two defendants argue the Policy language is ambiguous. Specifically, they claim an "equally (if not more) plausible reading" of the first portion of the Policy quoted above —"Any 'auto' except an owner 'auto' of the 'private passenger type' and any van or pickup truck of ¾ Ton load capacity or less whether used for pleasure or business purposes" —is that "except" applies only to "an owner 'auto' of the 'private passenger type,'" but not the rest of the sentence. In other words, they believe the policy covers any "auto . . . and any van or pickup truck of ¾ Ton load capacity or less whether used for pleasure or business purposes," but not an "'auto' of the 'private passenger type.'" In the court's opinion, such a reading of the Policy is inherently *im*plausible and even self-contradictory.

The fallacy of the interpretation offered by Northern Illinois Transit and Bushman is drawn out by the fact that these two defendants concede the Policy excludes any "'auto' of the 'private passenger type.'" As explained above, this includes an "'auto' of the pick-up or van type if not used for business purposes." Thus, under Northern Illinois Transit and Bushman's theory, the Policy *covers* any "pickup truck of ¾ Ton load capacity or less," *regardless* of whether it is used for pleasure or business purposes, but simultaneously *excludes* any pickup truck not used for business purposes. This makes no sense: either the Policy covers pickups used for business purposes or it does not; it cannot do both. Because Northern Illinois Transit and Bushman's argument depends on a patently *un*reasonable interpretation of the Policy, the court finds the Policy is not ambiguous in this respect. See Kaplan v. Shure Bros., Inc., 266 F.3d 598, 604-05 (7th Cir. 2001) (stating that "courts will not find ambiguity in contractual language where none exists" and "contract language will only be found ambiguous when it is *reasonably* susceptible to different constructions") (emphasis added).

Instead, the only reasonable reading of the Policy is that it excludes (1) an "'auto' of the 'private passenger type,'" which includes a pickup not used for business purposes, and (2) "any van or pickup truck of ¾ Ton load capacity or less," regardless of whether it is used for pleasure or business purposes. As a result, the court finds the Policy does not provide coverage for the accident on March 25, 2002 because (1) Bushman was not using the pickup truck at the time for business purposes (indeed, this would still be the case even under the rather strained interpretation offered by Northern Illinois Transit and Bushman as they do not at all argue in their brief the truck was being used for business purposes[1]) and (2) the pickup truck had a load capacity of three-quarters ton or less.

In her response, Mayorga takes a different track. She argues two "additional insured endorsements" that are part of the Policy "expressly modified" the Policy's definition of "covered autos" to include "all trucks, tractors & trailers owned, leased, hired, rented, or borrowed which are used by [Northern Illinois Transit]." (Mayorga LR 56.1(b) ¶¶24-27) In the court's opinion, Mayorga has read far too much into these endorsements and her interpretation of them as altering the definition of "covered autos" in the original Policy is unreasonable as a matter of law. It is clear from their face these endorsements do nothing more than add additional insureds to the Policy and the arguably more expansive description of "covered 'auto(s)'" contained within them applies only to those additional insureds. As each endorsement explains, the specific subparagraph in the original Policy describing "Who is an Insured is changed to include as an 'insured' the person or organization shown in the SCHEDULE on this endorsement . . . ." At the same time, each endorsement recites that "[c]overage provided by this endorsement applies to 'auto(s)' described in the SCHEDULE on this endorsement." (Mayorga Exhs. A & B) So although the endorsements expressly modify (to use Mayorga's phrase) the "Who is an Insured" portion of the Policy, nowhere do they purport to replace —expressly, implicitly, or otherwise —the description of "covered autos" in the Policy with that contained in the endorsements. Rather, the description of covered autos in the endorsements is solely for the purpose of describing what autos are covered by the endorsements themselves. And it is undisputed Bushman was never named as an additional insured in any endorsement. Finally, because Bushman was not driving a "covered auto" as defined in the Policy (something Mayorga does not contest), Mayorga's remaining argument that the Policy violates Illinois public policy because it denies coverage to permissive users is moot.

For the reasons stated above, Great West's motion for summary judgment is granted. The court hereby declares that Great West has no duty to defend or indemnify Northern Illinois Transit or Bushman in the lawsuit filed in the Circuit Court of the Fourteenth Judicial Circuit of Illinois, Henry County, styled <u>Crystal Mayorga v. Jeffrey Bushman and Northern Illinois Transit, Inc.</u>, No. 02 L 19.

---

[1] To be fair, these defendants do mention in their statement of additional facts that Northern Illinois Transit had used the truck for business purposes from time to time before the accident. (Northern Illinois Transit and Bushman LR 56.1(b) ¶ 9) This might suggest an argument the Policy provides coverage for a pickup truck that was not being used for business purposes at the very moment when the accident occurred, so long as it is usually, or has been in the past, used for business purposes. But nowhere can such an argument be found in these defendants' response brief, so the court considers the argument abandoned.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Great West Casualty Company        **JUDGMENT IN A CIVIL CASE**

v.        Case Number: 02 C 50261

Northern Illinois Transit, Inc., et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Great West's motion for summary judgment is granted. The court hereby declares that Great West has no duty to defend or indemnify Northern Illinois Transit or Bushman in the lawsuit filed in the Circuit Court of the Fourteenth Judicial Circuit of Illinois, Henry County, styled <u>Crystal Mayorga v. Jeffrey Bushman and Northern Illinois Transit, Inc.</u>, No. 02 L 19. This case is hereby dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 2/12/2003

Susan M. Wessman, Deputy Clerk